Appeal from Special Term, New York County.

Action by Anton Schulte against Joseph Petruzzi. An order directed plaintiff to serve a bill of particulars, and he appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and SCOTT, JJ.

Samuel Campbell, for appellant.
Albert W. Meisel, for respondent.

PER CURIAM. The plaintiff appeals from an order directing him to serve a bill of particulars of certain allegations of the complaint. A consideration of the complaint shows that much of the information which the plaintiff is directed to furnish is entirely unnecessary, inasmuch as the information is sufficiently set forth in the complaint.

The order appealed from, therefore, is modified by striking therefrom the paragraphs numbered I, II, III, and V, and, as thus modified, the order is affirmed, with $10 costs and disbursements to the appellant.

---

### CAPORALI v. SANTANGELO et al.

(Supreme Court, Appellate Division, First Department. February 2, 1912.)

SPECIFIC PERFORMANCE (§ 121*)—CONTRACTS—EVIDENCE—SUFFICIENCY.
    In an action for the specific performance of an oral promise to reconvey real estate obtained by defendant for plaintiff on the latter paying defendant a specified sum, evidence *held* to establish the contract, justifying relief.
    [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 387–395; Dec. Dig. § 121.*]

Appeal from Trial Term, New York County.

Action by Pietro Caporali against Michael Santangelo and another. From a judgment for plaintiff, defendants appeal. Affirmed.

This was an action for the specific performance of an oral promise to reconvey realty obtained by defendant named on his paying the per cent. required on a bid, on his promise by defendant to reconvey the premises on return to him of his investment, together with a bonus.

The following is the opinion of Justice McCall at Trial Term:

The plaintiff in this case is a man of rather humble circumstances, who cannot read or write the English language, who, from his knowledge of the locality where the property (which is the subject of this litigation) is situated, felt he might get a bargain at the sale of same which had been directed in a partition suit pending in this court, and determined to and did go to the salesroom where the property was offered to the highest bidder. He was not familiar with the rules of our court governing such sales, nor was he acquainted with any custom that prevailed in such proceedings; but he bid the property in and obtained it at a price concededly far below its actual value. When the referee demanded the 10 per centum before signing the contract, the plaintiff found that he had but $500 with him, and, appealing to a friend who was with him to explain the matter to him, he asked the friend to obtain for him a short time in which to produce

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the required sum, and the referee gave him till 5 p. m. He started immediately in quest of the amount, and naturally his search took him among Italians, his own race. Within a very short time of the sale, and while some few hours still remained wherein plaintiff would have had the opportunity to raise the necessary money, he turns up in the referee's office with the defendant. The defendant's check for the 10 per centum is handed over to the referee, and upon the back of the contract of sale plaintiff, after some talk with one Lazone, assigns his rights by affixing his mark to a transfer of same.

One could not listen to the trial of this case, being observant of the witnesses in the giving of their testimony, nor make an analysis of the proof adduced, without, in my judgment, concluding that a wretched attempt to seize the illiterate man's bargain was attempted. Plaintiff admits he went to defendant to secure the money; that he offered a bonus of $500 for its advancement; that he needed it only in the hurried exigency, for which he had not prepared himself through ignorance of the requirements for deposits on such sales in such amounts; and that upon defendant agreeing to advance the amount he agreed to assign his bid as security for the sum so advanced. But defendant claims the plaintiff came to him in an altogether different spirit, namely, that he had purchased this property without the means to sustain his bid; that he was afraid a "deficiency judgment" would be entered against him, and that in response to his appeal, first, to loan the money, he refused, because, as he said to him, he did not have or could not spare the amount, yet upon, as defendant asserts, plaintiff's agreement to give him his bid and thus save himself from a "deficiency judgment," the defendant immediately accedes, and, strange to add, finds he can afford out of his generosity to give plaintiff $500 as a gift.

It is all too brazenly absurd. It is quite within proper range to state that the plaintiff never heard and never knew what such words "deficiency judgment" meant; and, even if he did, what becomes of the idea when the testimony of the defendant himself shows that the plaintiff told him at this very interview that his bargain was so good that he had been offered an advance of several hundred dollars over his bid in the salesroom immediately on his getting the property? The plaintiff's story is not one that comes to him long after it is demonstrated he has lost a bargain, for within a week of the time defendant advanced the money we find him tendering same back, together with the $500 bonus he said he promised. The defendant denies this, it is true; but we cannot deny, nor does he attempt to, that on the closing of title, before he became vested with same, plaintiff again tendered the amount, plus the $500 bonus, and that he refused to accept same. My judgment is that plaintiff is entitled to the relief he prays for. He has been diligent in seeking to secure that which belongs to him and of which he has wrongfully been deprived.

Decree and findings accordingly.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and SCOTT, JJ.

L. J. Jacoves, for appellants.
M. S. Harris, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of McCall, J. Order filed.